# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ACUMEN ENTERTAINMENT GROUP, INC., a Nevada Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT E. MCLAUGHLIN, individually; DOES I through V; ROE ENTITIES I through V, inclusive, <br><br> Defendants. | Case No.: 2:10-cv-01423-RLH-PAL <br><br> **O R D E R** <br><br> (Motion to Dismiss–#9; Motion to Remand–#16; Motion to Strike Demand for Jury Trial–#50) |
| ROBERT E. MCLAUGHLIN, Derivatively on Behalf of Nominal Defendants Acumen Entertainment Group, Inc. and MovieGoods, Inc., <br><br> Third Party Plaintiff, <br><br> vs. <br><br> ROBERT L. DEAKIN and TERRY KRAEMER, individually, d.b.a. Pop Culture Graphics, and as Directors of Acumen Entertainment Group, Inc., DOES I through X, individuals; and ROES ENTITIES I through X, <br><br> Third Party Defendants, <br><br> - and - | |

1

AO 72
(Rev. 8/82)

```
 1  ACUMEN ENTERTAINMENT GROUP, INC., )
    a Nevada corporation; and MOVIE GOODS, )
 2  INC., a Nevada corporation,            )
                                           )
 3              Nominal Defendants.        )
    _____)
 4                                         )
    KEYBANK NATIONAL ASSOCIATION,          )
 5                                         )
              Plaintiff in Intervention,   )
 6                                         )
              vs.                          )
 7                                         )
    ROBERT E. MCLAUGHLIN, an individual;   )
 8  POP CULTURE GRAPHICS, INC., a Nevada   )
    corporation; DOES I through V; ROE     )
 9  ENTITIES I through V, inclusive,       )
                                           )
10           Defendant/Third Party Plaintiff. )
    _____)
```

Before the Court is Defendant Robert McLaughlan's **Motion to Dismiss** (#9), filed August 30, 2010. The Court has also considered Intervener Plaintiff Keybank National Association's ("Keybank") Opposition (#27), filed September 10, 2010, McLaughlan's Reply (#29), filed September 10, 2010, Third Party Defendants Robert L. Deakin and Terry Kraemer's Joinder in Opposition (#30), filed September 21, 2010, and Plaintiff Acumen Entertainment Group's ("Acumen") Joinder in Opposition (#31), filed September 21, 2010.

Also before the Court is Keybank's **Motion to Remand** (#16), filed September 8, 2010. The Court has also considered McLaughlan's Opposition (#33), filed September 28, 2010, and Keybank's Reply (#36), filed October 7, 2010.

Finally before the Court is Keybank's **Motion to Strike** (#50), filed December 16, 2010. The Court has also considered Deakin and Kraemer's Joinder in Motion (#53), filed December 21, 2010, and Acumen's Joinder in Motion (#54), filed December 21, 2010.

## BACKGROUND

This dispute arises from an underlying lawsuit initiated by Acumen against McLaughlan in relation to the control of Acumen's subsidiary, MovieGoods. In 2008, Keybank

extended a loan to MovieGoods after the parties executed a business loan agreement, promissory note, and other related loan documents. MovieGoods defaulted on the loan. Acumen later terminated McLaughlan from his position as president and chief executive officer of Acumen amidst allegations of theft, conversion, and gross mismanagement of the company, *inter alia*.

Acumen filed suit against McLaughlan in the Eighth Judicial District of the State of Nevada (the "State Court") on May 22, 2009. (Dkt. #1, Pet. for Removal.) McLaughlan subsequently filed a third party complaint naming Deakin and Kraemer d/b/a/ Pop Culture Graphics as third party defendants. After Keybank filed a motion to intervene, which the State Court granted, Keybank filed its Complaint in Intervention against McLaughlan and Pop Culture Graphics on July 22, 2010. Pursuant to its interest in the defaulted loan and Acumen's assignment of rights to pursue and collect certain corporate asserts, Keybank alleges: (1) conversion, (2) claim and delivery of the disputed assets, (3) imposition of a constructive trust and/or accounting, and (4) fraudulent transfer.

On August 23, 2010, McLaughlin removed Keybank's Complaint to this Court based upon federal question jurisdiction. McLaughlin filed a Motion to Dismiss (#9) Keybank's Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because it was allegedly brought in an improper venue. Keybank has now filed a Motion to Remand (#16) this matter for a lack of true federal question jurisdiction. Keybank also asks the Court to strike McLaughlan's Demand for Jury Trial (#3). For the reasons discussed below, the Court grants Keybank's motion to remand and defers McLaughlan's motion to dismiss and Keybank's motion to strike to the State Court for ruling.

**DISCUSSION**

**I.     Motion to Remand**

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). If a defendant has improperly removed a case over which the federal court lacks subject matter jurisdiction, the district court shall remand

AO 72
(Rev. 8/82)

the case to the state court. 28 U.S.C. § 1447(c). Thus, a district court should deny a motion to remand to state court if the case was properly removed to federal court. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984)**.** Nevertheless, a district court must construe the removal statutes strictly against removal and resolve any uncertainty in favor of remanding the case to the state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, the court resolves all ambiguity in favor of remand to state court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

In his Petition for Removal, McLaughlan's states that the National Bank Act, 12 U.S.C. § 1 *et seq.*, completely preempts Keybank's Complaint in Intervention. Upon review of Keybank's motion and Complaint, the Court agrees that Keybank's state law claims against McLaughlan are not preempted by the National Bank Act, which does not give a defendant federal question jurisdiction simply because a plaintiff bank is federally regulated. Neither are Keybank's claims preempted by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, as Keybank is asserting claims against McLaughlan based on Acumen's assignment of rights to pursue and collect certain corporate asserts allegedly converted by McLaughlin. Therefore, the Court lacks subject matter jurisdiction over Keybank's Complaint and removal was improper. Accordingly, the Court grants Keybank's motion to remand.

Because the Court lacks jurisdiction, the State Court must rule on the merits of McLaughlan's motion to dismiss and Keybank's motion to strike.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Keybank's Motion for Remand (#16) is GRANTED.

Dated: February 17, 2011

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)